### THE PROPRIETORS OF THE FIRST FREEWILL BAPTIST MEETING-HOUSE IN LOWELL *vs.* BENJAMIN F. BUTLER & others.

A bill in equity alleged, that the plaintiffs were duly organized as a corporation established for the purpose of building a meeting-house; that they purchased land and erected thereon a meeting-house and other buildings; that, in order to obtain funds for this purpose, they sold shares, and also borrowed money of other individuals, five hundred in number, and gave their notes therefor; that a trust thereby attached to the estate thus created, in favor of the five hundred individuals, of whom the plaintiffs so borrowed money; that the estate so acquired and held by the plaintiffs had been taken by attachments and levies, and disposed of for the benefit of a few only of the creditors of the corporation, and by such attachments and levies, and conveyances under them, had come into the hands of the defendants; and the bill prayed that such attachments, levies and conveyances might be set aside, and the property held and disposed of for the benefit of all the creditors of the plaintiffs: It was held, that the bill could not be maintained.

THIS was a bill in equity, the nature of which, and the facts therein alleged, are sufficiently stated in the opinion of the court. The case was argued by *R. B. Caverly*, for the plaintiffs, and by *B. F. Butler*, *T. Hopkinson*, *J. P. Robinson*, and *R. Choate*, for the several defendants.

FLETCHER, J. In this case, there has been a preliminary discussion, without going fully into the merits, in order to see whether the bill can be maintained. The court have accordingly looked into the bill and pleadings, and have considered the arguments presented by the counsel, with reference to

that inquiry, and have come to the conclusion which will now be briefly stated.

The bill alleges, that the plaintiffs were duly organized and became a corporation under an act of the legislature obtained for that purpose; that they purchased land and built a meeting-house; that they purchased other land and built thereon a brick block; that in building the meeting-house and block, in addition to the proceeds of the sales of shares, they obtained money from divers other individuals, five hundred in number, for which the plaintiffs gave their notes; and it seems to be claimed, that a trust attached to these buildings and estates, in favor of the five hundred persons who furnished this money; though it is very difficult to see that any such trust is set out in the bill.

The bill then sets out various conveyances, attachments, levies and sales, so that at length the legal estate in the meeting-house came to one set of claimants, and the legal estate in the brick block to another, by entirely distinct and independent claims of title; the two several estates are now held by different persons, under entirely distinct and independent titles; and the legal title to both estates is wholly gone out of the corporation.

The bill makes all the distinct claimants of these wholly distinct and several estates parties; on the alleged ground, not that the plaintiffs have been injured, or want any thing for themselves, but that a small portion only of the persons, who furnished the money for the buildings, are likely to get their pay, and that the majority are likely to get nothing; and the remedy proposed and the prayer of the bill is, that all the levies, equity sales, and deeds of conveyance, should be set aside, things put back as they were before, and then that all the creditors who furnished money should take a new start, and divide the property equally among them.

Upon the simple statement of such a case, it seems impossible, that the plaintiffs can maintain this bill, or that the relief which they pray for under it can be granted.

The plaintiffs have no interest in maintaining this bill, nor

Proprietors of First F. B. Meeting-House in Lowell *v.* Butler & others.

is there any ground whatever for them to stand upon in a court of equity. They are trustees in no sense, any more than every debtor is a trustee. Their legal interest is at an end. The only possible ground upon which they could proceed, and that is not stated in the bill, would be, that the debts for which they were liable were a charge upon the estate, and that the estate ought to be applied to relieve them of those debts. But, instead of any statement of this sort in the bill, it appears, that the estate has in fact been so applied already, and has been wholly used to pay the debts of the corporation.

The complaint in the bill is, that the estate has gone to pay a part of the creditors only and not the whole. It is entirely immaterial to the plaintiffs, whether a half in number of these debts have been paid in full, or whether fifty per cent has been paid on all. It can make no possible difference to them. The only persons who could complain would be the creditors who have obtained nothing. The plaintiffs seem to be endeavoring to assist the rights of these creditors, when the plaintiffs themselves have no interest whatever in the matter. But this cannot be done. It is manifest, then, that the court can grant no such relief as is prayed for ; that they can make no such distribution as is prayed for ; and that they can make no distribution to persons who are not parties to the bill.

If there was a trust in favor of these persons, which attached to the estate in question, such trust could only be enforced by a creditors' bill, under which all the creditors might come in, as plaintiffs, which they cannot do here.

But so far as the court can see, from what has been presented, there is no ground whatever to maintain, that there was a trust created upon the estates in favor of the lenders of this money, which could be enforced in any form of bill by any parties.

The bill prays that the levies, equity sales, and conveyances, may all be set aside. But upon what ground can the court set aside these titles? The court have no jurisdiction in equity of frauds. The bill does not seek to require the

defendants to execute any trust; and the only ground, which can be seen for setting aside the titles, would be fraud, of which this court have no jurisdiction in equity.

The court have not deemed it necessary to settle the question, whether jurisdiction could be maintained by reason of the number of parties. But to give jurisdiction on that ground, it would seem, that the parties should be interested, and should be related somewhat more nearly than the various parties in this bill are; each one of whom stands on his own individual right and title wholly distinct and independent of any other.

It was said, that the corporation had been dissolved. But it does not appear that this was the case; and if it had been, it would not be material. On the 29th of July, 1846, it is alleged that the corporation expired, and since that time the property has not been appropriated to parochial purposes. But this cannot affect the titles which have been previously acquired by the defendants.

There is no ground to maintain, that the property went into the hands of the defendants, subject to any trust to be applied to parochial purposes; or that this bill would make any such case; and the conclusion is, that the bill cannot be maintained and must be dismissed.